18841

The STATE, Respondent, v. Tommy Motley, Roger Motley and Rhett Shotte, Defendants, of Whom Tommy MOTLEY is Appellant

(164 S. E. (2d) 569)

*George W. Keels, Esq.,* of Florence, *for Appellant,*

*Messrs. T. Kenneth Summerford, Solicitor,* of Florence, and *Daniel R. McLeod, Attorney General,* and *Robert W. Brown, Assistant Attorney General,* of Columbia, *for Respondent,*

Nov. 19, 1968.

Moss, Chief Justice.

Tommy Motley, the appellant herein, along with Roger Motley and Rhett Shotte, were indicted by the Grand Jury of Florence County at the 1968 April Term of the Court of General Sessions, charging them with the crimes of housebreaking, safecracking, grand larceny and conspiracy to commit the offense of safecracking, in connection with a safe taken from the Gangplank Seafood Restaurant, in the

City of Florence, South Carolina, sometime during the period after the close of business on Saturday, October 7, 1967, and the morning of Tuesday, October 10, 1967.

It appears from the record that Robert G. Knight was employed to represent Roger Motley and George W. Keels was employed to represent Tommy Motley, and David W. Keller, Jr., and E. N. Zeigler were appointed to represent Rhett Shotte. When the case was called for trial, the court was informed, at Chambers, that Robert G. Knight, attorney for Roger Motley, had removed himself from the case because his fee had not been paid. The court then appointed two other attorneys to defend Roger Motley, with the trial to commence the following day. The attorney for Tommy Motley then made a motion for a continuance on the ground that a conspiracy charge was pending and he had not had an opportunity to confer with the two court appointed attorneys thereabout. The Solicitor agreed not to proceed on the conspiracy charge inasmuch as Robert G. Knight no longer represented Roger Motley. The next day the court was advised by Robert G. Knight that his fee had been paid and he was back in the case representing Roger Motley; whereupon the Solicitor refused to strike the conspiracy count from the indictment because the retained counsel of Roger Motley was back in the case. It was at this stage of the case that counsel for all of the defendants made motions to continue the case in order to permit them to make preparation for defending the conspiracy charge. All of these motions were refused and the case was at 11:45 A.M. set for trial on the same day at 2:30 P.M. The case was tried as scheduled, resulting in the jury finding all of the defendants guilty on all counts of the indictment. Notice of intention to appeal to this court was duly given by the appellant.

The first question for determination is whether the trial judge committed prejudicial error in refusing to grant appellant's motion for a continuance. It is well settled in this jurisdiction that a motion for a continuance is addressed to the sound discretion of the court, and

the decision of the trial court thereabout will not be disturbed on appeal in the absence of an abuse of discretion amounting to an error of law. *State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752. When a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case its denial by the trial court has rarely been disturbed on appeal. It is axiomatic that determination of such motions must depend upon the particular facts and circumstances of each case. *State v. Livingston,* 233 S. C. 400, 105 S. E. (2d) 73.

It appears that the appellant and his codefendants were tried under an indictment returned by the Grand Jury at the 1968 April Term of the Court of General Sessions. It also appears that another indictment, in which was included the charge of conspiracy, had been in existence against the defendants since October, 1967. Apparently the Solicitor handed out a new indictment against the three defendants here named, eliminating from the original indictment a defendant who he intended to use as a witness in behalf of the State. It further appears that the Solicitor had advised counsel for the several parties that the case would be tried at the April 1968 Term of the Court of General Sessions. Counsel for the appellant moved for a continuance before the day of trial not because of the inclusion of the conspiracy count in the indictment returned at the April Term but only because he wanted to discuss the charge of conspiracy with the appointed counsel. The conspiracy charge had long been in existence and was known to the appellant, his codefendants and their attorneys, and the case at the time of the Solicitor's refusal to strike the conspiracy charge therefrom was in the same status as when the indictment was returned. Counsel for the appellant and the other defendants had adequate notice of the conspiracy charge and sufficient time to prepare their defense to all of the charges prior to the term at which the defendants were tried, even though they were tried under a new indictment.

The record shows that the retained counself for Roger Motely stated to the court during the proceedings upon appellant's motion for a continuance that he had conferred with his client and his brother, the appellant herein, and with counsel for the appellant and counsel for the defendant, Rhett Shotte, prior to the term of court and he further stated, "Insofar as conspiracy is concerned, we are ready to go to trial" but he wished the case continued until counsel for the defendant Shotte could be present and participate in the trial.

The motion of the appellant for a continuance does not show how the refusal thereof was prejudicial to him. The appellant does not point to any specific testimony or other evidence that he could have produced had his motion been granted.

After a very careful examination of the record, we are unable to find that the trial judge abused his discretion or committed prejudicial error in refusing to grant the motion of the appellant for a continuance.

The other question for decision is whether the trial judge committed reversable error in refusing to strike the testimony of Gene Lessmeister concerning certain statements made to him by James Turbeville, a witness for the State, on the ground that such testimony was hearsay.

James Turbeville was called as a witness by the State. He testified that he knew all three of the defendants personally and that in September, 1967, he saw Tommy Motley in Miami, Florida, and had a conversation with him. He said that Tommy Motley told him that he was coming to Florence and break in either the Gangplank Seafood Restaurant or Tal Williams Chevrolet place and asked him if he wanted to help him. The witness said he returned to Florence three or four days before the appellant arrived. He also testified that on October 10, 1967, he saw all three of the defendants in the appellant's room in a motel in Florence and that the three defendants told him that they had taken the safe the

night before and dumped it in Jefferies Creek. He said this particular statement was made by Tommy Motley. He further said that Tommy told him that they had taken the safe out near the creek, opened it up, took the money out, amounting to about $300.00, and dumped the safe in the water and then divided up the money taken from the safe. He further testified that after Roger Motley and Rhett Shotte left the motel room and that when Tommy Motley went to sleep he left the motel room at 3:30 or 4:00 o'clock in the morning and got in touch with Gene Lessmeister and told him he had information about the Gangplank safe and "I told him everything that I knew, that I had heard up there that night in the motel room and then told him where they said the safe was dropped and everything."

Counsel for the appellant objected to a portion of the foregoing testimony and such objection was overruled. The appellant has filed no exception questioning the trial judge's ruling on the admissibility of the foregoing testimony. After the testimony complained of had been admitted over objection counsel for the appellant cross-examined the witness thereabout without reserving the objection previously made. The objection was thereby lost and if any error had been committed in the admission of the testimony it was cured. *State v. Smith,* 245 S. C. 59, 138 S. E. (2d) 705.

Gene Lessmeister, a member of the Detective Division of the City of Florence Police Department, testified in behalf of the State and said that he received a telephone call from James Turbeville, whose testimony is hereinabove referred to, between 3:30 and 4:00 o'clock on Wednesday morning following a break-in and the taking of the safe from the Gangplank Seafood Restaurant. This witness testified that following the telephone call that he commenced an investigation of the break-in. Upon cross examination by Robert G. Knight, attorney for Roger Motley, this witness testified that James Turbeville, at the time above stated, told him

about the Gangplank Seafood Restaurant robbery. This witness gave the following testimony:

"Q. And that's the time that he is supposed to have told you all about the case that you needed to know about the Gangplank break-in, is that right?

"A. Yes, sir.

"Q. And at that time if he told you anything implicating any of these boys, he told you something implicating all of them, didn't he?

"A. No, because I sent him back to get further information and more evidence.

"Q. He didn't tell you anything about Roger Motley at that time?

"A. I don't think so. I think at that time he told me about Tommy. Tommy was the main one."

Following the giving of the aforesaid testimony, counsel for the appellant moved the court to strike the testimony and admonish the jury insofar as Tommy Motley was concerned. This motion was refused and the appellant asserts error.

The general rule is that the admission of evidence is largely within the discretion of the trial judge and in order to constitute reversible error in the admission thereof, the accused must be prejudiced thereby; and the burden is upon him to satisfy this court that there was prejudicial error. *State v. Hyder,* 242 S. C. 372, 131 S. E. (2d) 96.

The witness, James Turbeville, had already testified as to the statements made to him by Tommy Motley and that he had communicated such statements to Gene Lessmeister. This testimony is in the record without any proper objection having been made thereto by the appellant. We have held that error, if any, in the admission of certain testimony was not prejudical where similar testimony has been received without proper objection. *Turner v. Wilson,* 227 S. C. 95, 86 S. E. (2d) 867. We do not think that the testimony given by Gene Lessmeister was in any

way prejudicial or harmful to the appellant because similar testimony had already been received without proper objection thereto.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY and LITTLEJOHN, JJ., and CLARENCE E. SINGLETARY, Acting J., concur.