577 S.E.2d 451

**In the Matter of the CARE AND TREATMENT OF John Phillip CORLEY, Appellant.**

No. 25596.

Supreme Court of South Carolina.

Heard Jan. 9, 2003.

Decided Feb. 24, 2003.

P. Andrew Anderson, of Aiken, for Appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General Treva Ashworth, Assistant Attorney General Deborah R.J. Shupe, Assistant Attorney General Steven R. Heckler, of Columbia, for Respondent.

Justice WALLER.

Appellant John Phillip Corley appeals his commitment pursuant to the South Carolina Sexually Violent Predator Act

("the SVP Act"). *See* S.C.Code Ann. § 44–48–10 *et seq.* (2002). We affirm.

## FACTS

In March 1993, a jury convicted appellant of assault and battery of a high and aggravated nature (ABHAN); he was sentenced to ten years. In August 1993, appellant pled guilty to criminal sexual conduct (CSC) in the second degree and was sentenced to 14 years, concurrent.

Shortly before his scheduled release from prison, the State filed a petition pursuant to the SVP Act seeking appellant's commitment for long term control, care and treatment. Prior to trial, appellant moved to prevent the details of the ABHAN and CSC convictions from being admitted into evidence via the indictments. He argued that because he would admit to the convictions, the details surrounding his prior offenses were not necessary and admission of the information would be prejudicial.[1] The trial court denied the motion.

At trial, both the State's expert, Dr. Donna Swartz–Watts, and appellant's expert, Dr. Harold Morgan, diagnosed appellant with depression and anti-social personality disorder.[2] Both experts also discussed appellant's past drug abuse. Dr. Swartz–Watts testified it was her opinion that appellant met the SVP Act's criteria for a sexually violent predator. Dr.

---

1. Although appellant pled guilty to second degree CSC, he was indicted for CSC first degree. The indictment states, in pertinent part, that appellant engaged in sexual intercourse with the female victim, and that the sexual battery "was accomplished by the use of force of a high and aggravated nature, to wit: [appellant] used physical force and threatened [the victim] with a knife while she was also the victim of a kidnapping." The ABHAN indictment states that appellant committed an assault and battery upon the female victim and describes the aggravating circumstances as follows: "[appellant] armed himself with a deadly weapon and used physical force to unlawfully restrain [the victim] and there existing a difference in the sex, age and physical conditions of the parties."

2. Dr. Swartz–Watts characterized appellant's depression as being in "full remission." Dr. Morgan diagnosed appellant with "major depression, recurrent," but also stated that because it was being adequately treated with medication, the depression was "controlled."

Morgan stated that, based on his evaluation and diagnoses of appellant, there was a seven to twenty percent likelihood appellant would engage in acts of sexual violence if not committed for long-term control, care and treatment. Dr. Morgan noted, however, that if appellant continued his treatment for depression, that likelihood would be reduced.

Appellant testified he did not think he was violent or dangerous. He attributed his problems and the assaults to his abuse of crack cocaine.

The jury found the State proved, beyond a reasonable doubt, that appellant is a sexually violent predator under the SVP Act. As a result, the trial court entered an order committing appellant to the Department of Mental Health for his long-term control, care and treatment.

## ISSUES

1. Did the trial court err by admitting the ABHAN and CSC indictments?

2. Does the SVP Act comply with *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002)?

## DISCUSSION

■ Appellant argues the trial court erred by admitting the ABHAN and CSC indictments. Specifically, he argues that because he was willing to stipulate he had previous convictions which triggered the SVP Act, there was no legitimate reason to admit the details of the offenses. We disagree.

■ The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *E.g., State v. Gaster*, 349 S.C. 545, 564 S.E.2d 87 (2002). Evidence is relevant if it tends to establish or make more or less probable the matter in controversy. Rule 401, SCRE. Relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs its probative value. Rule 403, SCRE. In the context of a criminal case, we have

noted that while evidence of other crimes is generally inadmissible to show criminal propensity or to demonstrate that the accused is a bad individual, evidence of other crimes is admissible if necessary to establish a material fact or element of the crime charged. *See State v. Johnson*, 293 S.C. 321, 324, 360 S.E.2d 317, 319 (1987); *see also State v. Benton*, 338 S.C. 151, 156, 526 S.E.2d 228, 230 ("while generally inadmissible, propensity evidence is not prohibited"), *cert. denied*, 530 U.S. 1209, 120 S.Ct. 2209, 147 L.Ed.2d 242 (2000).

Under the SVP Act, the State bears the burden of proving beyond a reasonable doubt that a person is a sexually violent predator. *See* S.C.Code Ann. § 44-48-100 (2002). A sexually violent predator is defined as a person who: (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. S.C.Code Ann. § 44-48-30(1)(a) & (b) (2002).

Past criminal history is therefore directly relevant to establishing section 44-48-30(1)(a). As such, the State was not required to accept appellant's stipulation. *Cf. Benton*, 338 S.C. at 155-56, 526 S.E.2d at 230 (since evidence of other crimes is admissible to establish an element of the crime charged, the appellant's two prior burglary convictions were properly admitted to prove a statutory element of the first degree burglary charge; the evidence was not admitted to suggest appellant was a bad person); *State v. Hamilton*, 327 S.C. 440, 486 S.E.2d 512 (Ct.App.1997) (the State could not be forced to stipulate generally to the prior offenses required for first degree burglary because such stipulation might cause a substantial gap in the evidence needed for the jury to find the defendant guilty of the offense), *cert. denied*, 525 U.S. 904, 119 S.Ct. 239, 142 L.Ed.2d 196 (1998).

Moreover, appellant's offer to stipulate to the requirement in section 44-48-30(1)(a), with the details of the offenses suppressed, would have hampered the State's ability to establish the requirement in section 44-48-30(1)(b). The Act defines "[l]ikely to engage in acts of sexual violence" to mean

"the person's **propensity** to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others." § 44–48–30(9) (emphasis added). Therefore, a person's dangerous propensities are the focus of the SVP Act.

■ In the instant case, the State sought to prove that appellant's likelihood to re-offend was based in part upon the fact that his previous offenses were similar to one another. The testimony of the State's expert illustrates why evidence regarding the details of the offense was directly relevant to the ultimate issue of this case. Dr. Swartz–Watts testified it was important if a person's past crimes were similar in nature, e.g., similar sex, race, and age of the victims. She testified that where there is similarity, it is significant because it evinces a pattern of behavior which in turn indicates the person would be at an increased risk to commit future offenses. In addition, Dr. Swartz–Watts stated that appellant's two victims were similar age, race and gender. Thus, it is clear the details of appellant's prior offenses found in the indictments were relevant to the issue of whether appellant was likely to engage in acts of sexual violence again. Rule 401, SCRE. Furthermore, we note that the details—as presented in the indictments—were not unduly prejudicial. Rule 403, SCRE.

Accordingly, we hold the trial court correctly allowed the indictments into evidence.

We affirm appellant's remaining issue pursuant to Rule 220, SCACR, and the following authority: *In re Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002).

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.