387 S.C. 619 (2010)
693 S.E.2d 415
The STATE, Respondent,
v.
Marquita SMITH, Appellant.
No. 4662.
Court of Appeals of South Carolina.
Submitted December 1, 2009.
Decided March 24, 2010.
Rehearing Denied June 4, 2010.
*621 Tommy Arthur Thomas, of Irmo; Tricia A. Blanchette, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia; Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
SHORT, J.
In this criminal case, Marquita Smith argues the trial court improperly denied her motions for a continuance and severance. We affirm.[1]

*622 FACTS
Smith was tried on charges of accessory before the fact of murder and accessory before the fact of armed robbery. These allegations arose from Smith's involvement in a scheme to kidnap, rob, and murder her cousin, Dexter Perry. The State also tried Gary Grant and Jermaine Hartwell for armed robbery, murder, four counts of kidnapping, and two counts of burglary in the first degree in connection with the case. Smith, Grant, and Hartwell were jointly tried.
Smith made pretrial motions for continuance and severance. The trial court denied these motions and the case proceeded to trial. The jury found Smith guilty of both offenses and she was sentenced to thirty-years' imprisonment for each offense, to run consecutively. Grant was found guilty of all the offenses, and received a life sentence for murder and concurrent thirty-year sentences for the remaining convictions. Likewise, Hartwell was found guilty of each offense and received concurrent thirty-year sentences for each conviction. This appeal followed.

STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only. State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001). The court is bound by the trial court's factual findings unless they are clearly erroneous. Id. This court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence. Id.

LAW/ANALYSIS

I. Continuance
Smith first claims the trial court erred by failing to grant her motion for continuance. We disagree.
The trial court's decision to deny a motion for continuance is a matter within the trial court's discretion. State v. Lytchfield, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957). Therefore, this court will not reverse the trial court unless there was an abuse of discretion that resulted in prejudice. Id.

*623 A. Adequate Notice
Smith argues the trial court should have granted the motion for continuance because the State failed to give adequate notice of the trial date. She also contends the trial court should have granted her motion because she was informed of a new charge, accessory before the fact of burglary, only one week before trial. We disagree.
Prior to trial on August 27, 2007, Smith made a motion for continuance and argued she did not receive notice of the trial date until August 17, 2007. However, she conceded the case had been on the docket since August 2006. The trial court stated Smith knew the substance of the State's case and that the accessory before the fact of burglary arose out of the same facts as the other charges. The trial court concluded there was no basis to grant a continuance, especially in light of the fact that the case had been on the docket for more than one year, Smith had substantial notice of the trial date, and she was not surprised by the new charge.[2] We find no reversible error in the trial court's decision. See State v. Motley, 251 S.C. 568, 571, 164 S.E.2d 569, 570 (1968) ("When a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case its denial by the trial court has rarely been disturbed on appeal.").

B. Cross-Examination
Smith contends the trial court erred in denying her motion for continuance because she was unable to cross-examine Kerry Hollins, another individual charged in connection with the case. We disagree.
The trial court found nothing indicated Smith would not have a meaningful opportunity to cross-examine Mr. Hollins and to inquire into his credibility as a witness as to the weight the jury should give his testimony. The trial court also stated, "I have not heard anything that convinces me that you will not be able to fully explore your argument or your theory which is that your client was the least culpable in these alleged incidences." We find no reversible error in the trial court's *624 decision. See State v. McMillian, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) ("Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth.").

C. Witness Availability
Smith also argues the trial court erred by denying her motion for continuance because two witnesses were unavailable. We disagree.
Rule 7(b), SCRCrimP, speaks to the subject of continuances in the context of unavailable witnesses. This Rule provides:
No motion for continuance of trial shall be granted on account of the absence of a witness without the oath of the party, his counsel, or agent to the following effect: the testimony of the witness is material to the support of the action or defense of the party moving; the motion is not intended for delay, but is made solely because he cannot go safely to trial without such testimony; and has made use of due diligence to procure the testimony of the witness or of such other circumstances as will satisfy the court that his motion is not intended for delay.
Rule 7(b), SCRCrimP.
In the present case, Smith did not comply with Rule 7(b) because she did not state under oath that the testimony of the witnesses was material to the support of her defense, the motion was not intended for delay, or due diligence had been exercised to secure the testimony of the witnesses. Thus, the trial court did not commit reversible error in denying the motion for continuance.

II. Severance
Smith next contends the trial court erred by denying her motion for severance. We disagree.
A motion for severance is left to the sound discretion of the trial court. State v. Kelsey, 331 S.C. 50, 73-74, 502 S.E.2d 63, 75 (1998). An appellate court will not disturb the trial court's ruling unless there is an abuse of discretion. Id.

*625 A. Cross-Examination of Co-Defendant
The basis for Smith's motion for severance was her assertion that she would be unable to effectively cross-examine Hollins. Hollins was also charged in connection with the case but testified for the State. Prior to his testimony, Hollins made a statement that implicated Smith as the principal actor. Smith argues she could not effectively cross-examine Hollins on that statement without addressing the character and criminal history of Grant, Hartwell, and Hollins. We disagree.
The trial court expressed concern as to how Smith would be able to present the character and criminal history of each of the defendants even if a severance was granted. Smith was unable to explain how she would be able to present this evidence for the jury to consider. Additionally, the trial court specifically found Smith would have "a meaningful opportunity to cross-examine Mr. Hollins and to inquire into his credibility as a witness as to the weight the jury should give his testimony." The trial court also stated, "I have not heard anything that convinces me that you will not be able to fully explore your argument or your theory which is that your client was the least culpable in these alleged incidences." We see no reversible error in the trial court's decision to deny Smith's motion. See id. (holding the granting of a motion for severance is within the discretion of the trial court and its ruling on such a motion will not be disturbed on appeal unless an abuse of discretion is shown).

B. Closing Argument
Smith also argues the trial court should have granted the severance motion because she lost her right to have the last closing argument to the jury as a result of being tried together. We disagree.
In a criminal case in which a defendant is separately tried and introduces no testimony, she is entitled to the closing argument to the jury. State v. Crowe, 258 S.C. 258, 268, 188 S.E.2d 379, 384 (1972). When defendants are jointly indicted and any one of them introduces evidence, the State is entitled to the closing argument. Id. "The fact that, upon a trial of defendants jointly indicted, the introduction of evidence *626 by one defendant may operate to deprive a co-defendant, who offers no evidence, of the right to the closing argument, to which such co-defendant would be entitled if tried separately, affords no ground upon which to order separate trials." Id.
In the present case, Smith did not testify, but one of her co-defendants offered a photo lineup into evidence. The trial court admitted this lineup, and as a result, Smith lost her right to have the last closing argument to the jury. Based on Crowe, the trial court properly denied the motion for severance on this ground.

CONCLUSION
Accordingly, the trial court's decision is
AFFIRMED.
THOMAS and KONDUROS, JJ., concur.
NOTES
[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Smith was tried on charges of accessory before the fact of murder and accessory before the fact of armed robbery; however, the State did not proceed with the accessory before the fact of burglary charge.