THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In The Matter Of The Care And Treatment of Vincent N. Way, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2011-UP-268
 Submitted April 1, 2011  Filed June 8,
 2011
 Withdrawn, Substituted and Refiled  August
24, 2011

AFFIRMED

 
 
 
 Appellate Defender Lanelle C. Durant, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Attorney General William M. Blitch,
 and Assistant Attorney General Deborah R.J. Shupe, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Vince
 Neal Way appeals the trial court's order committing him to the Department of
 Mental Health for long term control, care, and treatment after a jury found
 that Way satisfied the definition of a sexually violent predator pursuant to the
 Sexually Violent Predator Act (SVP Act), S.C. Code Ann. §§ 44-48-10 to -170 (Supp.
 2010).  Way argues the trial court erred (1) in allowing the State to present
 evidence of a 1995 criminal sexual conduct (CSC) charge that was later
 dismissed because DNA evidence proved that he was not guilty; (2) in allowing
 the victim of his 1993 CSC conviction to testify; and (3) in allowing the State to question him regarding whether he
 retained an expert to conduct a second mental evaluation.  Further, Way asserts
 the trial court erred when it allowed the State to tell the jury that it could
 infer the absence of Way's retained expert meant that the expert's testimony
 would have been adverse to his case.
Because we find the trial court
 made no reversible error, we affirm.[1]  
I.   Evidence of a Prior Conviction
Way asserts the trial court
 erred in allowing the State to present evidence of the 1995 CSC charge that was
 later dismissed because DNA evidence proved that he was not guilty.  Way states
 the probative value of that evidence was substantially outweighed by the danger
 of unfair prejudice.  He alleges the jury was led to believe he was guilty of
 the CSC charge when, in fact, he pled guilty to a lesser charge.  However,
 Way's argument is based on an erroneous interpretation of the sequence of
 events and testimony at trial.  Despite the trial court's ruling that this
 evidence was admissible, the State ultimately abandoned the introduction of
 this evidence.  Therefore, we find no reversible error in the trial court's
 ruling.    
The admission of evidence is
 within the sound discretion of the court and will not be reversed absent a
 showing of abuse of discretion.  In re Corley, 353 S.C. 202, 205, 577
 S.E.2d 451, 453 (2003); see also State v. Wise, 359 S.C. 14, 21,
 596 S.E.2d 475, 478 (2004) ("The admission or exclusion of evidence
 is a matter addressed to the sound discretion of the trial court and its ruling
 will not be disturbed in the absence of a manifest abuse of discretion
 accompanied by probable prejudice.").  "The trial judge is given
 broad discretion in ruling on questions concerning the relevancy of evidence,
 and his decision will be reversed only if there is a clear abuse of discretion."  State v. Aleksey, 343 S.C. 20, 35, 538 S.E.2d 248, 256 (2000). 
"Generally, all relevant
 evidence is admissible."  State v. Pittman, 373 S.C. 527, 578, 647
 S.E.2d 144, 170 (2007); see also Rule 402, SCRE.  Evidence is relevant
 if it has "any tendency to make the existence of any fact that is of
 consequence to the determination of the action more probable or less probable
 than it would be without the evidence."  Rule 401, SCRE; State v.
 Livingston, 327 S.C. 17, 19-20, 488 S.E.2d 313, 314 (1997).  On the other
 hand, relevant evidence may be excluded where its probative value is substantially
 outweighed by the danger of unfair prejudice.  Rule 403, SCRE; State v.
 Brazell, 325 S.C. 65, 78, 480 S.E.2d 64, 72 (1997).   
Under the SVP Act, a sexually
 violent predator is defined as a person who "(a) has been convicted of a
 sexually violent offense; and (b) suffers from a mental abnormality or
 personality disorder that makes the person likely to engage in acts of sexual
 violence if not confined in a secure facility for long-term control, care, and
 treatment."  S.C. Code Ann. § 44-48-30(1)(a)-(b) (Supp. 2010). 
 "Mental abnormality" is defined as "a mental condition affecting
 a person's emotional or volitional capacity that predisposes the person to
 commit sexually violent offenses."  S.C. Code Ann. § 44-48-30(3) (Supp.
 2010).  The phrase "likely to engage in acts of sexual violence" is
 defined as a "propensity to commit acts of sexual violence . . . of such a
 degree as to pose a menace to the health and safety of others."  S.C. Code
 Ann. § 44-48-30(9) (Supp. 2010). 
In 1993, Way pled guilty to
 committing a lewd act upon a minor and was sentenced to ten years'
 imprisonment, suspended upon service of 18 months' imprisonment plus five
 years' probation.  In 1995, while on probation, Way was arrested for CSC and
 pled guilty to contributing to the delinquency of a minor.  In 1997, while on
 probation from the prior convictions, Way pled guilty to committing a lewd act
 upon a minor and was sentenced to 15 years' imprisonment.  
At Way's civil commitment
 proceeding, the State sought to admit testimony from the State's retained
 psychiatrist regarding the 1995 CSC charge to show Way had a dangerous
 propensity to commit violent sexual acts.  Way objected to the admission of the
 1995 CSC charge as it had later been determined that he did not commit the
 crime.  The court overruled the objection, stating that the testimony was more
 probative than prejudicial, that it was relevant, and that it helped to form
 the foundation of the expert witness's opinion.  Nevertheless, when direct
 examination continued, the State only questioned the witness regarding Way's "contributing
 to the delinquency" plea.  The State never mentioned in the jury's presence
 that Way was indicted for CSC.  Therefore, no prejudice occurred to Way as a
 result of the trial court's ruling that allowed the State to question the
 witness regarding the CSC charge.  The only mention of anything sexual in
 nature regarding the CSC charge was during cross-examination by Way's own trial
 counsel.  Hence, Way cannot complain on appeal regarding the introduction of
 testimony that he elicited.  Gissel v. Hart, 382 S.C. 235, 243, 676
 S.E.2d 320, 324 (2009); see also Erickson v. Jones St. Publishers,
 LLC, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) (stating a party may not
 complain on appeal of an error that his own conduct produced).  Because we find
 that no error occurred in the admission of evidence, we affirm the trial court's
 ruling.       
II.  Testimony of a Prior Victim of CSC 
Way argues the trial court
 erred in allowing the victim of his 1993 CSC conviction to testify.  Way
 contends that because he pled guilty to the charge and stipulated that the
 offense was a qualifying offense under the SVP Act, and because the forensic
 psychiatrist had already testified to the events surrounding the conviction,
 the victim's testimony served only to bolster the expert testimony.  We
 disagree.
"Under the SVP Act, the State
 bears the burden of proving beyond a reasonable doubt that a person is a
 sexually violent predator."  In re Corley, 353 S.C. at 206, 577 S.E.2d
 at 453; see also S.C. Code Ann. § 44-48-100(A)(2010) ("The court or
 jury must determine whether, beyond a reasonable doubt, the person is a
 sexually violent predator.").  In Corley, appellant moved to
 prevent the details of his prior convictions, including a CSC conviction, from
 being admitted into evidence.  Appellant admitted to the convictions but stated
 that "the details surrounding his prior offenses were not necessary and
 admission of the information would be prejudicial."  Id. at 204,
 577 S.E.2d at 452.  The State's expert and appellant's expert testified
 regarding appellant's mental abnormality and personality disorder that made it
 likely that he would engage in acts of sexual violence if not confined in a
 secure facility for long-term control, care, and treatment.  
The State was allowed to
 admit the details of the defendant's prior sexual offenses that triggered the
 SVP Act in order to establish that he was a sexually violent predator.  Our
 supreme court stated that "[p]ast criminal history is therefore directly
 relevant to establishing section 44-48-30(1)(a) [of the SVP Act, defining a
 sexually violent predator as a person who has been convicted of a sexually
 violent offense].  As such, the State was not required to accept appellant's
 stipulation."  Id. at 206, 577 S.E.2d at 453.  
In this case, Way moved to
 exclude testimony from the victim of his 1993 offense.  The trial court granted
 the motion in part and denied it in part.    The trial court stated,

 But the
 specifics of the offense were not admissible.  They're extremely prejudicial,
 and they're not probative . . . She can testify as to the time period that it
 took place, where it took place, and in whose presence it took place.  Because
 that goes to his lack of judgment in terms of him doing it in the presence of
 her brother.  And the length of time goes to his propensity, and that would be
 the only extent to which testimony can be elicited.

The victim proceeded to
 testify but unlike Corley, evidence was not admitted that revealed the
 details of the offense.  The victim merely stated the time frame, location and who
 was present during the abuse.  We believe allowing this evidence did not constitute
 error in that it was cumulative testimony that served to establish Way met the
 requirements of a sexually violent predator under the Act.  Yet assuming
 arguendo that is was admitted in error, the error does not warrant reversal.  
"In order for an error
 to warrant reversal, the error must result in prejudice to the appellant."  State v. Preslar,
 364 S.C. 466, 473, 613 S.E.2d 381, 385 (Ct. App. 2005); see also State
 v. Wyatt, 317 S.C. 370, 372, 453 S.E.2d 890, 891 (1995) (stating that error
 without prejudice does not warrant reversal).  "[A]dmission of evidence is largely within the
 discretion of the trial judge and in order to constitute reversible error in
 the admission thereof, the accused must be prejudiced thereby; and the burden
 is upon him to satisfy this court that there was prejudicial error."  State
 v. Motley, 251 S.C. 568, 575, 164 S.E.2d 569, 572 (1968).  "We have held that error,
 if any, in the admission of certain testimony was not prejudicial where similar
 testimony has been received without proper objection."  Id. at 575,
 164 S.E.2d at 572. 
The testimony
 given by Way's 1993 CSC victim was not prejudicial or harmful to him because
 similar testimony had already been received without proper objection.  Prior to
 the victim's testimony, not only did the State's expert witness testify regarding
 the time and place of the 1993 offense, she testified regarding details of the
 offense without objection from Way.  Accordingly, the trial court did not err
 in allowing the victim to testify and its ruling is affirmed. 
III.  Testimony Regarding Way's Second Evaluation
Way argues the trial court erred in allowing the State to question
 him regarding whether he retained an expert to conduct a second mental
 evaluation.  Further, he asserts the trial court erred when it allowed the
 State to tell the jury that it could infer the absence of Way's retained expert
 meant that the expert's testimony would have been adverse to his case.  While we
 agree with the trial court's decision to allow the State to cross-examine Way
 regarding a second mental evaluation, we hold it was improper for the State to imply
 a negative inference regarding the absence of Way's expert witness before the
 jury.  
A.  Way's Retained Expert   
The State argues
 that it was allowed to cross-examine Way regarding his retained expert pursuant
 to the SVP Act.  In his assertion of
 error, Way cites to Rule 26(b)(4)(B), SCRCP, and argues that he was "not
 required to disclose nor produce an expert who was only consulted informally,
 or consulted and not retained or specially employed."  However, this issue
 should be properly addressed according to the South Carolina Rules of Evidence
 and established precedent.  
As mentioned above,
 generally, all relevant evidence is admissible.  Rule 402, SCRE; Pittman,
 373 S.C. at 578, 647 S.E.2d at 170.  Yet, relevant "evidence may be
 excluded if its probative value is substantially outweighed by the danger of
 unfair prejudice. . . ."  Rule 403, SCRE; State v. Gaster, 349 S.C.
 545, 557, 564 S.E.2d 87, 94 (2002).  Accordingly, "a trial judge has wide
 latitude concerning the admissibility of evidence."  State v. Torres,
 390 S.C. 618, 624, 703 S.E.2d 226, 229 (2010); State v. Rosemond, 335
 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999).  Likewise, "[t]he appellate
 court reviews a trial judge's ruling on admissibility of evidence pursuant to
 an abuse of discretion standard and gives great deference to the trial
 court."  Torres, 390 S.C. at 625, 703 S.E.2d at 230.    
Because the trial court
 limited the State to questions the court determined to be relevant pursuant to
 the rules of evidence, it did not err in allowing the State to question Way
 regarding his retained expert.  Therefore, we hold there was no abuse of
 discretion, and the trial court's ruling is affirmed.
B.   Negative Inference 
Way argues the trial court
 erred in allowing the State to tell the jury it could infer that the absence of
 Way's retained expert meant that his testimony would have been adverse to Way's
 case.  He asserts the State had equal access to the witness and could have
 called upon him to testify as well.  The State cites to Duckworth v. First
 National Bank, 254 S.C. 563, 576, 176 S.E.2d 297, 304 (1970), to support its
 assertion that it was proper during closing argument, to state the jury could
 conclude the testimony of the absent witness would have been negative and that
 it did not have equal access as the witness was in Way's control.  The trial
 court overruled Way's objection and allowed the State to argue to the jury it
 could infer the absence of Way's expert witness meant that the testimony would
 have been negative.  While we hold this was error, it does not rise to the
 level of reversible error. 
In Duckworth, our
 Supreme Court stated:   

 It is a
 well settled rule that if a party knows of the existence of an available
 witness on a material issue and such witness is within his control and if
 without satisfactory explanation he fails to call him, the jury may draw the
 inference that the testimony of the witness would not have been favorable to
 such party.  This inference is especially applicable where the relationship of
 employer-employee exists between the parties.  

Id. at 576, 176 S.E.2d at 304. 
"Generally, the rule is
 applied when the uncalled witness is an agent, employee, relation, or associate
 of the party failing to call him, or within some degree of control of said
 party."  Davis v. Sparks, 235 S.C. 326, 333, 111 S.E.2d 545, 549
 (1959).  Further, "in the absence of explanation, the failure or refusal
 of a party to produce a witness may create an adverse inference," where the
 party has knowledge of the witness, has the power to produce the witness and
 the witness "is not equally accessible to his opponent, and is such
 as he would naturally produce if the witness were favorable to him."  Wright
 v. Hiester Constr. Co., 389 S.C. 504, 525, 698 S.E.2d 822, 833 (Ct. App.
 2010).  However, where a party lacks "control" over the potential
 witness, an instruction of an adverse inference based on the witness's absence
 is improper.  Davis, 235 S.C. at 333, 111 S.E.2d at 549.
In this case, there is no
 indication that Way had control over the retained expert witness.  The witness
 was hired and paid under the provisions of the SVP Act and was not an employee,
 relation, or associate of Way.  The State could have called the expert witness,
 whose absence it sought to emphasize, to testify.  Consequently, it was error
 to allow the State to argue to the jury during its closing, "Dr. Martin is
 not here . . . I think the inference you can draw from that is would Dr.
 Martin's testimony, if he was here, be adverse to the respondent?"  
Although improper, we hold this
 error did not rise to the level of reversible error.  Evidence of Way's prior
 sexual criminal history, the testimony of the State's expert witness, and the
 testimony of the victim of Way's 1993 CSC offense provided relevant and
 substantive evidence to support the jury's determination.  In light of the
 entire record and testimony at trial, Way has not proven that this statement
 prejudiced his case.  See Barrett, 299 S.C. at 488, 386 S.E.2d at 244 ("Whether trial errors are
 harmless depends upon the circumstances of the particular case.  The
 materiality and prejudicial character of the error must be determined from its
 relationship to the entire case."); see also State v. Mitchell,
 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it could
 not reasonably have affected the result of the trial.") (internal
 quotation marks and citation omitted).  
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.