**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Walter Lee Harris, Appellant.

Appellate Case No. 2011-181926

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-644
Submitted October 1, 2012 – Filed December 5, 2012

**AFFIRMED**

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Walter Lee Harris appeals his convictions of armed robbery, burglary, and murder. On appeal, he argues the trial court erred in denying his motion for severance. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Harris's motion for severance: *State v. Spears*, 393 S.C. 466, 475, 713 S.E.2d 324, 328 (Ct. App. 2011) ("A motion for severance is addressed to the sound discretion of the trial court." (quoting *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002))); *id.* at 475, 713 S.E.2d at 328-29 ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial [court] has the power, in [its] discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced."); *State v. Halcomb*, 382 S.C. 432, 439, 676 S.E.2d 149, 152 (Ct. App. 2009) ("Criminal defendants who are jointly tried for murder are not entitled to separate trials as a matter of right."); *State v. Dennis*, 337 S.C. 275, 281, 523 S.E.2d 173, 176 (1999) ("The general rule allowing joint trials applies with equal force when a defendant's severance motion is based upon the likelihood he and a codefendant will present mutually antagonistic defenses, i.e., accuse one another of committing the crime."); *State v. Smith*, 387 S.C. 619, 625-26, 693 S.E.2d 415, 418-19 (Ct. App. 2010) (holding the loss of the right to have the last closing argument is not a ground upon which to grant severance); *State v. Stuckey*, 347 S.C. 484, 497, 556 S.E.2d 403, 409 (Ct. App. 2001) (holding the trial court should grant a severance "only when there is a serious risk that a joint trial would compromise a specific trial right of a co-defendant or prevent the jury from making a reliable judgment about a co-defendant's guilt").

2. As to the remaining issues: *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved for appellate review when one ground is raised to the trial court and another is raised on appeal).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.