**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Danny Ryant, Appellant.

Appellate Case No. 2011-182946

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-647
Submitted October 1, 2012 – Filed December 5, 2012

**AFFIRMED**

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** Danny Ryant appeals his convictions of armed robbery, burglary, and murder. On appeal, he argues the trial court erred in (1) denying his motion for severance and (2) finding he was not entitled to the criminal records checks the State had compiled on prospective jurors. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Ryant's motion for severance: *State v. Spears*, 393 S.C. 466, 475, 713 S.E.2d 324, 328 (Ct. App. 2011) ("A motion for severance is addressed to the sound discretion of the trial court." (quoting *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002))); *id.* at 475, 713 S.E.2d at 328-29 ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial [court] has the power, in [its] discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced."); *State v. Halcomb*, 382 S.C. 432, 439, 676 S.E.2d 149, 152 (Ct. App. 2009) ("Criminal defendants who are jointly tried for murder are not entitled to separate trials as a matter of right."); *State v. Dennis*, 337 S.C. 275, 281, 523 S.E.2d 173, 176 (1999) ("The general rule allowing joint trials applies with equal force when a defendant's severance motion is based upon the likelihood he and a codefendant will present mutually antagonistic defenses, i.e., accuse one another of committing the crime."); *State v. Smith*, 387 S.C. 619, 625-26, 693 S.E.2d 415, 418-19 (Ct. App. 2010) (holding the loss of the right to have the last closing argument is not a ground upon which to grant severance); *State v. Stuckey*, 347 S.C. 484, 497, 556 S.E.2d 403, 409 (Ct. App. 2001) (holding the trial court should grant a severance "only when there is a serious risk that a joint trial would compromise a specific trial right of a co-defendant or prevent the jury from making a reliable judgment about a co-defendant's guilt"); *State v. Crowe*, 258 S.C. 258, 267, 188 S.E.2d 379, 383 (1972) (holding the refusal to grant a severance was not error on ground that it resulted in failure of defendant to have his co-defendant testify in his behalf when record failed to show the co-defendant would testify if a separate trial were granted or that his testimony would exculpate the defendant).

2. As to whether the trial court erred in finding Ryant was not entitled to the criminal records checks the State had compiled on prospective jurors: *State v. Childs*, 299 S.C. 471, 474, 385 S.E.2d 839, 841 (1989) (holding a defendant is not "entitled to criminal records checks or records of arrest" of potential jurors because "[n]o right to discovery exists in a criminal case absent statute or court rule"); Rule 5(a)(1), SCRCrimP (providing the State is required to disclose specific information, such as: statements of a defendant, a defendant's prior record,

documents and tangible objects the prosecution or defense may use as evidence at trial, and reports of examinations and tests); Rule 5(a)(2), SCRCrimP (exempting from discovery "internal prosecution documents made by the attorney for the prosecution or other prosecution agents in connection with the investigation or prosecution of the case"); *Childs*, 299 S.C. at 474, 385 S.E.2d at 841 (holding a trial court does not abuse its discretion in denying a discovery request if no statute or court rule requires disclosure of the particular information).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.