**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Clark D. Thomas, Appellant,

v.

Evening Post Publishing Co., d/b/a The Post and Courier
and Glenn Smith, officially and individually,
Respondents.

Appellate Case No. 2014-002725

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-490
Submitted November 1, 2016 – Filed November 23, 2016

———————

**AFFIRMED**

———————

Clark D. Thomas, pro se.

Jerry Jay Bender, of Baker Ravenel & Bender, LLP, of
Columbia, for Respondents.

———————

**PER CURIAM:** Clark D. Thomas appeals the circuit court's order granting
summary judgment to Evening Post Publishing Co., d/b/a The Post and Courier
and Glenn Smith (collectively, Respondents). Thomas argues the circuit court
erred in (1) denying his motion for a continuance or for dismissal without prejudice

and to toll the statute of limitations, (2) granting Respondents' motion for summary judgment, and (3) failing to remand for review of the novel issue of being libel-proof.  We affirm.[1]

1. The circuit court did not err in denying Thomas's motion for a continuance or for dismissal without prejudice and to toll the statute of limitations.  *See State v. Motley*, 251 S.C. 568, 571-72, 164 S.E.2d 569, 570 (1968) ("It is well settled in this jurisdiction that a motion for a continuance is addressed to the sound discretion of the court, and the decision of the trial court thereabout will not be disturbed on appeal in the absence of an abuse of discretion amounting to an error of law."); *State v. Lytchfield*, 230 S.C. 405, 409, 95 S.E.2d 857, 859 (1957) ("[R]eversals of refusal of continuance are about as rare as the proverbial hens' teeth."); *see also Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 115, 687 S.E.2d 29, 32 (2009) ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use.").

2. The circuit court did not err in granting Respondents' motion for summary judgment because Thomas failed to file an affidavit to counter Respondents' contention that the statements in the article at issue were true or protected by the fair report privilege.  *See* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him."); *Lord v. D & J Enters., Inc.*, 407 S.C. 544, 553, 757 S.E.2d 695, 699 (2014) ("Once the moving party carries its initial burden, the opposing party must do more than rest upon the mere allegations or denials of his pleadings, but must, by affidavit or otherwise, set forth specific facts to show that there is a genuine issue for trial." (citing *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))); *Hall v. Fedor*, 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct. App. 2002) ("Our appellate courts have interpreted Rule 56(e) to mean materials used to support or refute a motion for summary judgment must be those which would be admissible in evidence.").

Although Thomas contends he complied with the affidavit requirement in other ways, we disagree.  First, Thomas's statements under oath during the divorce proceedings occurred before the September 2012 Article was published; thus,

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Thomas did not specifically address any false statements in the September 2012 Article. Furthermore, his statements did not raise a genuine issue of material fact regarding whether Respondents complied with the fair report privilege.

Second, the circuit court did not err in only permitting argument on the summary judgment motion during the hearing. *See* Rule 56(c), SCRCP (stating summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"). There is no requirement that the circuit court take testimony from the parties before ruling on a summary judgment motion.

Third, although Respondents admitted certain portions of Thomas's complaint were true, they did not admit any portion of the September 2012 Article was false or that it was not protected by the fair report privilege. Furthermore, Thomas did not actually verify the statements in his complaint were true. *See Dawkins v. Fields*, 354 S.C. 58, 67, 580 S.E.2d 433, 438 (2003) ("[A] verified complaint is an acceptable substitute for an affidavit at the summary judgment phase as long as the pleading satisfies Rule 56(e)."); *id.* at 68, 580 S.E.2d at 438 ("Rule 56(e) requires that affidavits: '[1] shall be made on personal knowledge, [2] shall set forth such facts as would be admissible in evidence, and [3] shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" (alterations in original) (quoting Rule 56(e), SCRCP)); *id.* ("Few pleadings will satisfy these requirements, even when verified." (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2738 (1998))).

Finally, Thomas points to an affidavit he submitted with his motion for judicial notice, as well as fourteen character affidavits in opposition to Respondents' argument in their motion for summary judgment that Thomas was libel-proof. However, Thomas's affidavit only attests to the validity of the statements he made in his motion for judicial notice, in which he asked for judicial notice that Respondents' motion for judgment on the pleadings was moot. Additionally, the character affidavits only state Thomas was a non-violent person. These affidavits do not counter Smith's statements in his affidavit that he believed "everything in the [September 2012 Article] complained of by [Thomas] was true or substantially true, or was based on a fair and accurate report of public proceedings and the contents of public records." Accordingly, we find the circuit court properly granted summary judgment to Respondents because nothing Thomas provided supports a finding that a genuine issue of material fact exists regarding falsity or an

abuse of the fair report privilege.  *See Lord*, 407 S.C. at 553, 757 S.E.2d at 699 ("Once the moving party carries its initial burden, the opposing party must do more than rest upon the mere allegations or denials of his pleadings, but must, by affidavit or otherwise, set forth specific facts to show that there is a genuine issue for trial." (citing *Baughman*, 306 S.C. at 115, 410 S.E.2d at 545)); *see also White v. Wilkerson*, 328 S.C. 179, 186, 493 S.E.2d 345, 348 (1997) ("The 'fair report' privilege protects fair and accurate reports of 'judicial records and proceedings and other official acts, reports, and records.'" (quoting S.C. Jur. *Libel and Slander* § 61 (1993))); *West v. Morehead*, 396 S.C. 1, 8 n.3, 720 S.E.2d 495, 499 n.3 (Ct. App. 2011) ("While abuse of [the conditional] privilege is ordinarily an issue [reserved] for the jury, . . . in the absence of a controversy as to the facts, . . . it is for the court to say in a given instance whether or not the privilege has been abused or exceeded." (alterations in original) (quoting *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 485, 514 S.E.2d 126, 134 (1999))).

3. The libel-proof plaintiff doctrine was merely one of three alternative grounds for summary judgment raised by Respondents.  In granting Respondents' motion for summary judgment, the circuit court focused on Thomas's failure to file an affidavit opposing Respondents' motion for summary judgment and the fact that the September 2012 Article was substantially true and protected by the fair report privilege.  The circuit court never addressed Respondents' contention that Thomas was libel-proof.  In light of the fact that this was merely an alternative ground for summary judgment raised by Respondents and the circuit court properly granted summary judgment to Respondents on other grounds, there is no need to remand to determine whether Thomas was a libel-proof plaintiff.  Accordingly, we decline to address this issue.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when the resolution of a prior issue is dispositive).[2]

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[2] The circuit court also granted summary judgment to Respondents on Thomas's intentional infliction of emotional distress claim, finding Thomas "failed to establish that any facts exist[ed] [that] would [have] provide[d] a basis for recovery on this claim independent of his libel claim."  Thomas did not discuss this ruling in his brief; thus, the circuit court's ruling is the law of the case.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").