THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Barry Eugene Lafavor, Appellant.

Appellate Case No. 2013-000568

---

Appeal From Aiken County
Michael G. Nettles, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-116
Submitted January 1, 2017 – Filed March 8, 2017

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, all for Respondent.

---

**PER CURIAM:** Barry Lafavor appeals his convictions for two counts of third-degree criminal sexual conduct, arguing the trial court erred by denying his (1) motion for a continuance because he was not given sufficient time to investigate

the Department of Social Service (DSS) records and (2) motion for a mistrial because the State's improper remarks during closing argument violated his due process rights. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Lafavor's motion for a continuance: *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."); *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."); *State v. Preslar*, 364 S.C. 466, 473, 613 S.E.2d 381, 385 (Ct. App. 2005) ("In order for an error to warrant reversal, the error must result in prejudice to the appellant."); *State v. Motley*, 251 S.C. 568, 572, 164 S.E.2d 569, 570 (1968) ("When a motion for a continuance is based upon the contention that counsel for the defendant has not had time to prepare his case its denial by the trial court has rarely been disturbed on appeal."); *State v. Harvey*, 253 S.C. 328, 332, 170 S.E.2d 657, 659 (1969) (affirming the denial of a request for a continuance when appellant argued his "attorneys did not have sufficient time to investigate the case, search for witnesses, confer with the appellants, question co-defendants, study additional jurors that had been drawn, and research the statute and case law"); Rule 7(b), SCRCrimP ("No motion for continuance of trial shall be granted on account of the absence of a witness without the oath of the party, his counsel, or agent to the following effect: the testimony of the witness is material to the support of the action or defense of the party moving; the motion is not intended for delay, but is made solely because he cannot go safely to trial without such testimony; and has made use of due diligence to procure the testimony of the witness or of such other circumstances as will satisfy the court that his motion is not intended for delay. . . . (2) A party applying for such postponement on account of the absence of a witness shall set forth under oath in addition to the foregoing matter what fact or facts he believes the witness if present would testify to and the grounds for such belief."); *State v. Colden*, 372 S.C. 428, 438, 641 S.E.2d 912, 918 (Ct. App. 2007) ("All components of Rule 7(b) . . . including that of the attestation under oath, are strictly required, and a party asking for a continuance must show due diligence in trying to procure the testimony of the witness, as well as what the party believes the absent witness would testify to and the basis for that belief.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  As to whether the trial court erred in denying Lafavor's motion for a mistrial: *State v. George*, 323 S.C. 496, 511, 476 S.E.2d 903, 912 (1996) (finding an issue unpreserved when appellant moved for a mistrial, the circuit court denied the motion and gave a curative instruction, but "[a]ppellant did not contemporaneously object to the sufficiency of the curative charge or move for a mistrial").

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**