660 S.E.2d 285

### In the Matter of the CARE AND TREATMENT OF James P. ETTEL, Appellant,

v.

### The STATE of South Carolina, Respondent.

No. 4364.

Court of Appeals of South Carolina.

Submitted March 3, 2008.

Decided April 1, 2008.

Assistant Appellate Defender Lanelle C. Durant, South Carolina Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Deborah R.J. Shupe, and Assistant Attorney General R. Westmoreland Clarkson, all of Columbia, for Respondent.

WILLIAMS, J.

James Ettel (Ettel) claims the circuit court erred in permitting an expert to testify at his commitment trial regarding prior sexually-related offenses that did not result in convictions and to a prior murder conviction. Ettel argues the prejudicial nature of this evidence substantially outweighed its probative value. We affirm.

## FACTS

On July 30, 1990, Ettel pled guilty to criminal sexual conduct in the first degree and assault and battery of a high and aggravated nature. Ettel was sentenced to concurrent terms of thirty years and ten years, respectively.

Ettel's conviction stemmed out of a sexual assault in which he bound and gagged the victim, choked and beat her, and then forced the victim to perform oral sex on him after raping her. Ettel had known the victim on a casual basis for two months prior to the attack as he frequented a club where she worked as a bartender. The night of the attack, Ettel told the victim he was too intoxicated to drive home and asked her for a ride to his apartment. Once she entered his apartment, Ettel forced her onto the couch and stated he would cut her

into pieces if she did not remain silent. Ettel drove the victim back to his car the next morning after she told him she would not tell the police.

Before Ettel's release from prison for the criminal sexual conduct conviction, the State filed a petition for Ettel's civil commitment pursuant to the Sexually Violent Predator Act[1] (SVP Act). The circuit court found probable cause to believe Ettel was a sexually violent predator and ordered a probable cause hearing. At the hearing, the circuit court ordered Ettel to undergo a psychiatric evaluation, which was performed by Dr. Pamela Crawford, M.D., (Dr. Crawford) a forensic psychiatrist with the Department of Mental Health.

During Dr. Crawford's interview with Ettel, Ettel admitted to three sexual offenses that did not result in convictions. The first offense occurred when Ettel worked at an appliance store in Michigan and grabbed a customer's breasts and attempted to kiss her. He was charged with assault and intent to commit gross indecency and kidnapping, but he was found not guilty. The second offense pertained to an incident when Ettel kidnapped a hitchhiker in Montana, took her to his house against her will, and tried to grope her breasts. He was charged with sexual misconduct, but the charges were subsequently dropped. The third offense occurred at an animal hospital in Montana when Ettel attempted to sexually assault a woman who worked at the hospital. He was charged with sexual intercourse without consent, but these charges were dropped when he was extradited to South Carolina for the sexual assault on the bartender. Based on Dr. Crawford's evaluation, she concluded Ettel suffered from the mental abnormality of paraphilia, not otherwise specified, and had a history of extreme violence, which made it likely he would engage in acts of sexual violence if not confined for long-term control, care, and treatment under the SVP Act.

Before trial, Ettel's counsel moved to exclude any testimony regarding the sexual offenses that did not result in convictions as well as evidence regarding Ettel's prior murder conviction.[2]

1. S.C.Code Ann. §§ 44–48–10 to 44–48–170 (Supp.2007).

2. In 1962, Ettel was convicted in Michigan of murdering his girlfriend's mother with a pair of sewing scissors. Dr. Crawford testified the

Dr. Crawford testified *in camera* about the evidence supporting her opinion, and the circuit court denied Ettel's motion to exclude the evidence. At trial, Dr. Crawford testified about her conclusions from Ettel's evaluation and discussed the disputed evidence to support her findings. Based on the evidence, the jury found Ettel satisfied the definition of a sexually violent predator, and Ettel was sentenced to long-term commitment under the SVP Act.

## LAW/ANALYSIS

█ Ettel claims the circuit court committed reversible error when it permitted Dr. Crawford to testify about his previous sexual offenses that did not result in convictions and his previous murder conviction. Ettel claims the prejudicial effect of the evidence substantially outweighed its probative value. We disagree.

█ The admission of evidence is within the discretion of the circuit court and will not be reversed absent an abuse of discretion. *In re Corley,* 353 S.C. 202, 205, 577 S.E.2d 451, 453 (2003). Generally, all relevant evidence is admissible. Rule 402, SCRE; *State v. Pittman,* 373 S.C. 527, 578, 647 S.E.2d 144, 170 (2007). Evidence is relevant if it tends to establish or make more or less probable the matter in controversy. Rule 401, SCRE. However, relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs its probative value. Rule 403, SCRE.

Under the SVP Act, a sexually violent predator is defined as a person who (a) has been convicted of a sexually violent offense and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. S.C.Code Ann. § 44–48–30(1)(a), (b) (Supp.2007).

After the State files a petition to request a probable cause hearing, the circuit court must make a probable cause deter-

---

arresting officers told her the mother's shirt was pulled above the mother's head, and Ettel allegedly told the officers he tried to sexually assault the mother before he killed the mother. No incident report was available for Dr. Crawford to substantiate the officers' testimony.

mination as to whether the person is a sexually violent predator. S.C.Code Ann. §§ 44–48–70, 44–48–80(A) (Supp.2007). If the probable cause determination is made, the person must undergo an evaluation by a court-approved expert as to whether the person is a sexually violent predator. S.C.Code Ann. § 44–48–80(D) (Supp.2007). Experts are allowed to have "reasonable access to the person for the purpose of the examination, as well as access to all *relevant* medical, psychological, *criminal offense,* and disciplinary records and reports." S.C.Code Ann. § 44–48–90 (Supp.2007) (emphasis added).

These offenses can include both convictions and offenses not resulting in convictions as long as they are relevant to the determination of whether a person is a sexually violent predator. *See White v. State,* 375 S.C. 1, 9, 649 S.E.2d 172, 176 (Ct.App.2007) (holding past convictions and prior offenses not resulting in convictions that bear on whether a person is a sexually violent predator are admissible in a SVP case). Because a "person's dangerous propensities are the focus of the SVP Act," consideration of "[p]ast criminal history is therefore directly relevant to establishing 44–48–30(1)(a)," which in turn bears directly on whether one suffers from a mental abnormality under section 44–48–30(1)(b). *In re Corley,* 353 S.C. at 206–07, 577 S.E.2d at 453–54.

The circuit court properly admitted Dr. Crawford's testimony regarding Ettel's prior sexual offenses as well as his prior murder conviction. The prior sexual offenses and the murder conviction were relevant because Dr. Crawford relied on them in evaluating Ettel's need for and likelihood of success in treatment as well as his ability to control his behavior in the future. *See State v. Gaster,* 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) (holding admission of motion did not violate defendant's due process rights because it was relevant in evaluating defendant's need for and probability of success in treatment and was not unfairly prejudicial as it was one of several sources on which the expert based her opinion); *see also* Rule 401, SCRE (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Looking at Ettel's prior sexual offenses established a "pattern of behavior of sexual assaults," and this pattern was significant because as Dr. Crawford stated, "[F]uture behavior [can only be predicted] based on past behavior." Additionally, the murder conviction was relevant due to the crime's level of violence. Dr. Crawford stated, "Whether or not [the murder] was a sexual crime ... it goes to [Ettel's] propensity to commit further violent crimes." Based on the officers' recollection of the crimes, Dr. Crawford learned "there may have been a sexual motivation in [the] crime," which would aid in her diagnosis.

Further, the possibility of unfair prejudice did not substantially outweigh the probative value of the testimony. Regarding its probative value, Dr. Crawford used the information to develop her "opinion in terms of [Ettel] not being able to control his behavior" and to diagnose Ettel with paraphilia. As for the testimony's possible prejudice, the prior sexual offenses not resulting in convictions as well as the murder conviction were not the only sources of Dr. Crawford's diagnosis. Dr. Crawford testified that even without considering this evidence, her opinion as to whether Ettel had a mental abnormality or personality disorder would not change. Dr. Crawford stated she additionally relied on, among other sources, Ettel's past criminal sexual conduct conviction, Ettel's statements during her extensive clinical forensic interviews with him, interviews with individuals close to Ettel, administrative records, Ettel's prior psychological evaluation, and his record while in a sex offender treatment program.

Because Dr. Crawford's testimony regarding Ettel's prior sexual offenses not resulting in convictions and previous murder conviction was relevant and the probative value outweighed any prejudicial effect, the circuit court acted within its discretion and properly admitted the testimony. *See Gaster,* 349 S.C. at 557, 564 S.E.2d at 94 (finding disputed evidence was relevant and its probative value outweighed any prejudicial effect such that circuit court properly admitted the evidence within its discretion).

## CONCLUSION

Based on the foregoing, the circuit court's order is

AFFIRMED.[3]

HUFF and KITTREDGE, JJ., concur.

---

3. We decide this case without oral argument pursuant to Rule 215, SCACR.