**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Jimmy Mac McBride, Appellant.

Appellate Case No. 2012-210127

―――――――――――――

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2014-UP-014
Submitted November 1, 2013 – Filed January 15, 2014

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *In re Care and Treatment of Corley*, 353 S.C. 202, 205, 577 S.E.2d 451, 453 (2003) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *In re Care and Treatment of Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 633-34 (Ct. App. 2010) ("The admissibility of an expert's testimony is within the trial [court's] sound

discretion, whose decision will not be reversed absent an abuse of discretion."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) (stating this court will reverse a "trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence . . . only in exceptional circumstances"); S.C. Code Ann. § 44-48-90(C) (Supp. 2012) (permitting an expert reasonable access to "*all relevant . . . criminal offense*[*s*]" when evaluating a person under the Sexually Violent Predator Act (emphasis added)); *In re Care and Treatment of Ettel*, 377 S.C. 558, 563, 660 S.E.2d 285, 288 (Ct. App. 2008) (holding a trial court may properly admit evidence of prior sexual offenses, even those not resulting in convictions, if the evidence is relevant and its probative value outweighs any prejudicial effect); *id.* (ruling the defendant's prior, unconvicted sexual offenses had probative value as to whether the defendant was unable to control his sexual behavior); *id.* (emphasizing the importance of the expert's reliance on sources other than the defendant's prior, unconvicted sexual offenses in evaluating the defendant as a sexually violent predator).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.