**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Kenneth Campbell, Appellant.

Appellate Case No. 2014-001931

---

Appeal From Lancaster County
R. Knox McMahon, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-198
Submitted February 1, 2016 – Filed May 11, 2016

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *In re Care and Treatment of Corley*, 353 S.C. 202, 205, 577 S.E.2d 451, 453 (2003) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); S.C. Code Ann. § 44-48-30(1) (Supp. 2015) (defining a sexually violent predator (SVP) as an individual who "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person

likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); S.C. Code Ann. § 44-48-100(A) (Supp. 2015) ("The court or jury must determine whether, beyond a reasonable doubt, the person is a [SVP]."); *In re Care and Treatment of Ettel*, 377 S.C. 558, 561, 660 S.E.2d 285, 287 (Ct. App. 2008) ("Generally, all relevant evidence is admissible." (citing Rule 402, SCRE)); *id.* ("Evidence is relevant if it tends to establish or make more or less probable the matter in controversy." (citing Rule 401, SCRE)); *State v. Schmidt*, 288 S.C. 301, 303, 342 S.E.2d 401, 403 (1986) ("Evidence which assists a jury at arriving at the truth of an issue is relevant and admissible unless otherwise incompetent.").[1]

**AFFIRMED.**[2]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] To the extent Campbell argues Rule 403, SCRE, as a basis for this appeal: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("Furthermore, a party may not argue one ground at trial and an alternate ground on appeal."); *State v. Brockmeyer*, 406 S.C. 324, 354-55, 751 S.E.2d 645, 661 (2013) (holding an appellant's argument that the trial court erred in admitting a photograph because it suggested a decision on an improper basis in violation of Rule 403, SCRE, was not preserved for appellate review when the appellant only objected to the photograph's relevance at trial).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.