**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Calvin Joe Miller, Appellant.

Appellate Case No. 2014-001735

---

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-137
Submitted January 1, 2017 – Filed April 5, 2017

---

**AFFIRMED**

---

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *In re Ettel*, 377 S.C. 558, 561, 660 S.E.2d 285, 287 (Ct. App. 2008) ("The admission of evidence is within the discretion of the [trial] court and will not be reversed absent an abuse of discretion."); *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011))); *In re Corley*, 353 S.C. 202, 205-06, 577 S.E.2d 451, 453 (2003) ("In the context of a criminal case, we have noted that while evidence of other crimes is generally inadmissible to show criminal propensity or to demonstrate that the accused is a bad individual, evidence of other crimes is admissible if necessary to establish a material fact or element of the crime charged."); *Ettel*, 377 S.C. at 562-63, 660 S.E.2d at 288 (allowing introduction of prior murder conviction "because [the expert] relied on [it] in evaluating Ettel's need for and likelihood of success in treatment as well as his ability to control his behavior in the future").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.