**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In re: Michael Kaminski, Appellant.

Appellate Case No. 2016-000606

———————————

Appeal From Berkeley County
Ralph F. Cothran, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-024
Submitted November 1, 2018 – Filed January 9, 2019

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————————

**SHORT, J.:** Michael Kaminski appeals the trial court's finding that he is a sexually violent predator under the South Carolina Sexually Violent Predator Act (SVPA). Kaminski argues the court abused its discretion by allowing expert testimony that (1) was inadmissible hearsay and (2) should have been excluded

because its unfair prejudice substantially outweighed its probative value.  We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

Kaminski pled guilty but mentally ill in 2009 to two counts of lewd act on a minor.  The State commenced a civil action pursuant to the SVPA prior to Kaminski's release from prison.  The State sought to commit Kaminski for long term control, care, and treatment as a sexually violent predator.  The court appointed Dr. Amy Swan to evaluate Kaminski's mental health.  Dr. Swan's evaluation included a personal interview with Kaminski.  She concluded Kaminski had two mental abnormalities; specifically, pedophilia disorder and paraphilia disorder related to fire and rape, as well as an impulse control disorder.  She determined Kaminski met the statutory criteria for commitment as a sexually violent predator.  The case was called for trial under the SVPA on February 29, 2016, before the Honorable Ralph F. Cothran.

Dr. Swan was qualified as an expert witness in psychology and testified regarding her evaluation of Kaminski.  She testified it is standard practice in her field when evaluating alleged sexual predators to look at situations where a social services agent opened an investigation, even if no arrest, trial, or conviction for a sexual crime resulted from the matter investigated.  Kaminski objected in anticipation of Dr. Swan's testimony, arguing testimony regarding a South Carolina Department of Social Services (DSS) investigation into an alleged incident with a four-year-old child was inadmissible hearsay and the testimony's unfair prejudice outweighed its probative value.

The court dismissed the jury and allowed Dr. Swan to proffer her testimony before ruling on Kaminski's objection.  Dr. Swan testified Kaminski had previously been investigated by DSS in connection with an alleged sexual incident involving a four-year-old a few months before the separate incident leading to Kaminski's conviction.  Kaminski was never tried for the allegations related to the DSS investigation.  Dr. Swan factored the DSS investigation of Kaminski into her consideration of Kaminski's risk of re-offending.  During her interview with Kaminski, Dr. Swan asked him about the DSS investigation.  In response, Kaminski denied participating in the incident and claimed a baby sitter did the alleged act.

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

The court ordered that Dr. Swan limit her testimony regarding the DSS investigation to Kaminski's response to her question during her interview, not the substance of the allegations. Dr. Swan resumed her testimony, stating that the mere fact Kaminski was investigated for a similar crime close in time to the crime he was convicted of influenced her professional determination that Kaminski had a pattern of behavior indicating a high risk of sexual interest in children. She determined Kaminski had a high risk of re-offending after applying the risk factors she considered into a sex offender risk assessment instrument. The jury found Kaminski to be a sexually violent predator. This appeal followed.

**LAW/ANALYSIS**

**I.      Hearsay**

Kaminski argues Dr. Swan's testimony regarding the DSS investigation was inadmissible hearsay. We find Dr. Swan's testimony as limited by the court's instruction was not hearsay.

"The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *In re Corley*, 353 S.C. 202, 205, 577 S.E.2d 451, 453 (2003).

> An abuse of discretion occurs when the trial court's ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the trial court is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case, such that it may be deemed arbitrary and capricious.

*State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 656 (2006).

Hearsay does not include statements by a party when those statements are used against that party. Rule 801(d)(2), SCRE. Here, Kaminski made his statements regarding the DSS investigation to Dr. Swan during her interview with him as part of her evaluation. Dr. Swan then used those statements in court against Kaminski's position that he is not a sexually violent predator. Therefore, Dr. Swan's testimony about what Kaminski said to her regarding the DSS investigation is not hearsay.

Alternatively, even if Dr. Swan's testimony was hearsay, the statements fall into the hearsay exception for statements with the purpose of making a medical diagnosis or getting treatment. Rule 803(4), SCRE. Kaminski made the statements to Dr. Swan while she was conducting an evaluation for the purpose of diagnosing Kaminski with a mental abnormality or personality disorder. In cases under the SVPA, the State is required to prove the existence of a mental abnormality or personality disorder and a causal link with the risk of the mentally ill person re-offending. S.C. Code Ann. §44-48-30(1) (2018). Experts evaluating individuals under the SVPA have "access to all *relevant* medical, psychological, *criminal offense*, and disciplinary records and reports," when determining if the subject is a sexually violent predator. *In re Ettel*, 377 S.C. 558, 562, 660 S.E.2d 285, 287 (Ct. App. 2008). Thus, Dr. Swan's evaluation of Kaminski and his response to Dr. Swan's question about the DSS investigation were for the purpose of medical diagnosis and exempt from the prohibition on hearsay testimony.

Because Dr. Swan's testimony did not qualify as hearsay, the court's allowance of the testimony was not an error of law nor was it arbitrary. Thus, the court did not err by allowing the testimony.

## II.    Unfair Prejudice

Kaminski argues the court abused its discretion by failing to exclude Dr. Swan's testimony about the DSS investigation for being so unfairly prejudicial that it substantially outweighed the testimony's probative value. We hold the court did not abuse its discretion because Kaminski was not unfairly prejudiced by Dr. Swan's testimony.

Relevant evidence is evidence with a tendency to make the existence of any material fact more or less probable than it would be without the evidence. Rule 401, SCRE. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Rule 403, SCRE. "Unfair prejudice means an undue tendency to suggest a decision on an improper basis. A court weighing the prejudicial effect of evidence against its probative value must base its determination upon the entire record and upon the particular facts of the case before it." *State v. Stephens*, 398 S.C. 314, 320, 728 S.E.2d 68, 71-72 (Ct. App. 2012) (citation omitted).

Dr. Swan's testimony was relevant because it assisted in her professional conclusion that Kaminski demonstrated a pattern of behavior corresponding to a risk of re-offense. The SVPA requires the State to prove the existence of a mental abnormality or personality disorder and a causal link with the risk of the mentally

ill person re-offending. S.C. Code Ann. §44-48-30(1) (2018). Kaminski's statements were relevant to establishing his risk of re-offending under the risk assessment instrument used by Dr. Swan. The court noted that Dr. Swan used the information to form her professional opinion about the risk of re-offense Kaminski presented. Additionally, South Carolina law allows the expert evaluating an individual under the SVPA to consider all relevant information related to criminal offenses. *Ettel*, 377 S.C. at 562, 660 S.E.2d at 287.

The court recognized the potential for unfair prejudice in Dr. Swan's full proffered testimony and limited her testimony before the jury to Kaminski's own statements about the DSS investigation, not the substance of the allegations behind the DSS investigation. This limited the jury's consideration to the factor that Dr. Swan considered for the purpose of her diagnosis while minimizing the suggestion that Kaminski was guilty of a crime he was never tried for. Thus, the court limited any unfair prejudice associated with the testimony such that it did not substantially outweigh the probative value of the testimony.

Because the court exercised discretion in limiting the testimony's scope, applied applicable law allowing for testimony regarding investigations of sexual crimes in SVPA cases, and limited the testimony in consideration of the factual circumstances surrounding the case, the court did not abuse its discretion by allowing the testimony.

**CONCLUSION**

We hold the trial court did not err by admitting Dr. Swan's testimony regarding Kaminski's own statements about the DSS investigation.

**AFFIRMED.**

**HUFF and WILLIAMS, JJ., concur.**