**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Timothy Wayne Schaefer, Appellant.

Appellate Case No. 2017-002320

Appeal From Darlington County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2020-UP-153
Submitted April 1, 2020 – Filed May 27, 2020

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Timothy Wayne Schaefer appeals his civil commitment to the Department of Mental Health, arguing the trial court erred in admitting testimony regarding his nonsexual offenses because it was not relevant and the danger of unfair prejudice substantially outweighed its probative value. Because we find the testimony relevant and the danger of unfair prejudice did not substantially outweigh the testimony's probative value, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re Manigo*, 389 S.C. 96, 106, 697 S.E.2d

629, 633 (Ct. App. 2010) ("The admission of evidence is within the discretion of the trial court."); *id.* ("To constitute an abuse of discretion, the conclusions of the trial [court] must lack evidentiary support or be controlled by an error of law."); *Way v. State*, 410 S.C. 377, 382, 764 S.E.2d 701, 704 (2014) (stating the appealing party must show error as well as resulting prejudice in order to warrant reversal); Rule 401, SCRE (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ."); *In re Campbell*, 427 S.C. 183, 193, 830 S.E.2d 14, 19 (2019) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one." (quoting *State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001))); S.C. Code Ann. § 44-48-30(1) (2018) (defining a sexually violent predator as an individual who: "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); *In re Ettel*, 377 S.C. 558, 562, 660 S.E.2d 285, 287 (Ct. App. 2008) ("Experts are allowed to have 'reasonable access to the person for the purpose of the examination, as well as access to all *relevant* medical, psychological, *criminal offense*, and disciplinary records and reports.'" (quoting S.C. Code Ann. § 44-48-90 (2018))); *id.* ("These offenses can include both convictions and offenses not resulting in convictions as long as they are relevant to the determination of whether a person is a sexually violent predator."); *id.* ("Because a 'person's dangerous propensities are the focus of the [Sexually Violent Predator] Act,' consideration of '[p]ast criminal history is therefore directly relevant to establishing [section] 44-48-30(1)(a),' which in turn bears directly on whether one suffers from a mental abnormality under section 44-48-30(1)(b)." (quoting *In re Corley*, 353 S.C. 202, 206-07, 577 S.E.2d 451, 453-54 (2003))); *id.* at 562-63, 660 S.E.2d at 288 (finding the expert's testimony regarding the appellant's prior sexual offenses and murder conviction were relevant because the expert "relied on them in evaluating [the appellant's] need for and likelihood of success in treatment as well as his ability to control his behavior in the future" and the danger of unfair prejudice did not substantially outweigh its probative value).[1]

---

[1] We find Schaefer's argument that the trial court did not conduct a Rule 401, SCRE, and Rule 403, SCRE, analysis is without merit because the trial court heard arguments about the relevancy of the charges and the potential for unfair prejudice as well as the existing case law before denying the motion in limine.

**AFFIRMED.**[2]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.