**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Robert Powell, Appellant.

Appellate Case No. 2018-000426

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-203
Submitted June 1, 2020 – Filed July 1, 2020

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:** Robert Powell appeals his civil commitment to the South Carolina Department of Mental Health pursuant to the Sexually Violent Predator Act.[1] On appeal, Powell argues the trial court erred in admitting evidence of other bad acts that were nonsexual in nature and in holding the prejudicial effect of his prior convictions for nonsexual offenses did not substantially outweigh its

———————

[1] S.C. Code § 44-48-10 to -170 (2018).

probative value.  We find the trial court did not err in admitting testimony about Powell's prior nonsexual charges and convictions because the prejudicial effect did not substantially outweigh the testimony's probative value.  We also find the testimony did not confuse the issues or appeal for a verdict on an improper basis. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *In re Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 633 (Ct. App. 2010) ("The admission of evidence is within the sound discretion of the trial court."); *id.* ("To constitute an abuse of discretion, the conclusions of the trial [court] must lack evidentiary support or be controlled by an error of law."); *Way v. State*, 410 S.C. 377, 382, 764 S.E.2d 701, 704 (2014) (stating the appealing party must show error as well as resulting prejudice in order to warrant reversal); Rule 401, SCRE (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."); *In re Campbell*, 427 S.C. 183, 193, 830 S.E.2d 14, 19 (2019) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one." (quoting *State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001))); S.C. Code Ann. § 44-48-30(1) (2018) (defining a sexually violent predator as an individual who "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); *In re Ettel*, 377 S.C. 558, 562, 660 S.E.2d 285, 287 (Ct. App. 2008) ("Experts are allowed to have 'reasonable access to the person for the purpose of the examination, as well as access to all *relevant* medical, psychological, *criminal offense*, and disciplinary records and reports.'"  (quoting S.C. Code Ann. § 44-48-90 (2018))); *id.* ("These offenses can include both convictions and offenses not resulting in convictions as long as they are relevant to the determination of whether a person is a sexually violent predator."); *id.* ("Because a 'person's dangerous propensities are the focus of the [Sexually Violent Predator] Act,' consideration of '[p]ast criminal history is therefore directly relevant to establishing [section] 44-48-30(1)(a),' which in turns bears directly on whether one suffers from a mental abnormality under section 44-48-30(1)(b)." (second alteration in original) (quoting *In re Corley*, 353 S.C. 202, 206-07, 577 S.E.2d 451, 453-54 (2003))); *id.* at 562-63, 660 S.E.2d at 288 (finding the expert's testimony regarding the appellant's prior sexual offenses and murder conviction were relevant because the expert "relied on them in evaluating [the appellant's] need for and likelihood of success in treatment as well as his ability to control his behavior in

the future" and the danger of unfair prejudice did not substantially outweigh its probative value). Additionally, we find Powell's arguments that the State failed to prove the prior nonsexual offenses by clear and convincing evidence and the evidence was improper character evidence are not preserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (stating an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review).

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.