**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of William Ralph Wilson, III, Appellant.

Appellate Case No. 2018-001843

———————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-087
Heard December 6, 2021 – Filed March 2, 2022

———————

**REVERSED AND REMANDED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:** The State brought this action under the Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 to -170 (2018) (SVP Act), for a determination that Appellant William Ralph Wilson, III is a sexually violent predator in need of involuntary civil commitment in a secure facility for long-term control, care, and treatment. A jury found that Appellant is a sexually violent predator, and the circuit court ordered Appellant's commitment to the South Carolina Department of Mental Health. Appellant challenges the commitment order on the ground that the circuit

court abused its discretion by admitting hearsay evidence of alleged sexual misconduct that was not the subject of a conviction, in violation of Rule 403, SCRE.[1] During her testimony, the State's expert, Dr. Donna Maddox, relayed to the jury allegations of sexual misconduct set forth in written police charges, incident reports, and victim and witness statements. Appellant argues that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice to Appellant. We reverse and remand.

Initially, we acknowledge that our current case law allows the consideration of unconvicted offenses in determining whether an offender is a sexually violent predator (SVP). *Care & Treatment of Ettel*, 377 S.C. 558, 562, 660 S.E.2d 285, 287 (Ct. App. 2008); *White v. State*, 375 S.C. 1, 6–9, 649 S.E.2d 172, 174–76 (Ct. App. 2007). Nonetheless, the instant case presents the question of how these unconvicted offenses may be proven in a jury trial. Unlike the appellant in *Ettel*, Appellant in the present case did not admit to the unconvicted offenses.[2] Further, in *White*, the State attempted to introduce the challenged evidence during a probable cause hearing before a judge rather than during a jury trial.[3] Moreover, in the case on which the *White* court relied, *Matter of Hay*, 953 P.2d 666, 677 (Kan. 1998),[4] the evidence of uncharged crimes consisted of victim testimony and other witness testimony.[5]

In contrast, the present case involves allegations in written police charges, incident reports, and victim and witness statements that were presented to a jury with the imprimatur of an expert witness. Pursuant to Rule 403, "relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs its probative value." *Ettel*, 377 S.C. at 561, 660 S.E.2d at 287 (citing Rule 403, SCRE). "Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis . . . ." *Matter of Campbell*, 427 S.C. 183, 193, 830 S.E.2d 14, 19 (2019) (quoting *State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001)). "When juxtaposing the prejudicial effect against the probative value, the determination must

---

[1] Rule 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[2] 377 S.C. at 560, 660 S.E.2d at 286.

[3] 375 S.C. at 5, 649 S.E.2d at 174.

[4] The *White* court relied on a similar interpretation of Kansas's Sexually Violent Predator Act, on which South Carolina's SVP Act is based. 375 S.C. at 9, 649 S.E.2d at 176.

[5] 953 P.2d at 672.

be based on the entire record and will turn on the facts of each case." *State v. Huckabee*, 419 S.C. 414, 423, 798 S.E.2d 584, 589 (Ct. App. 2017) (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008)). Further, only exceptional circumstances justify reversing the circuit court's decision on this ground. *Id.* at 423, 798 S.E.2d at 589. We conclude this case presents exceptional circumstances.

Here, the State asserts the challenged testimony was not prohibited hearsay because it was not offered for the truth of the matter asserted. *See* Rule 801(c), SCRE (defining "Hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); Rule 802, SCRE (prohibiting the admission of hearsay into evidence except as otherwise provided by the South Carolina Rules of Evidence or by other rules prescribed by our supreme court or by statute). The State maintains it offered the challenged testimony for the purposes of (1) showing the jury that Dr. Maddox considered a pattern of behavior in completing her risk assessment and (2) allowing the jury to evaluate her opinion.[6] However, the challenged testimony can be probative of the asserted pattern of behavior and the value of Dr. Maddox's opinion only if the jury considers the challenged testimony to be true, and the State has not shown that this testimony falls within an established exception to Rule 802. *See id.*; *see also* Rule 803, SCRE (listing exceptions); Rule 804, SCRE (listing exceptions); *cf. State v. Floyd Y.*, 2 N.E.3d 204, 209 (N.Y. Ct. App. 2013), Smith, J. (concurring) ("[I]n this case, . . . *the jury could not have used the hearsay statements to evaluate the expert's testimony without first deciding whether those statements were true or false*; the hearsay accusations of sexual misconduct by [the respondent] could bolster the experts' opinions only if the jury believed them to be true. The probative value of the statements thus is inseparable from, and cannot outweigh, their prejudicial effect, and the statements should not have been admitted." (emphasis added)).

As to the danger of unfair prejudice, the State argues that the challenged testimony was only one of the bases for Appellant's diagnosis.[7] However, even if

---

[6] The State emphasized the alleged pattern of behavior to the jury in its closing argument.

[7] The State lists these factors on page 9 of its brief. However, the first listed factor, "Appellant's decision not to participate in sex offender treatment offered to him while he was incarcerated," mischaracterizes Dr. Maddox's testimony as she stated merely her belief that the Department of Corrections offered sex offender treatment and due to a misunderstanding, Appellant did not receive this treatment. Appellant

we accept this argument, Dr. Maddox's testimony relaying the contents of the incident reports and victim statements in disturbingly graphic detail had an undue tendency to suggest a verdict on an improper basis, namely assuming the truth of these out-of-court statements. The suggestive nature of the testimony was compounded by Dr. Maddox's testimony that she relied on these out-of-court allegations of sexual misconduct in completing her risk assessment and by the State's closing argument to the jury emphasizing the alleged pattern of behavior and suggesting the truth of these out-of-court statements: **"[T]hese crimes happened** back in 2009 or earlier." (Emphasis added). *Cf. Lawrence v. Commonwealth*, 689 S.E.2d 748, 752 (Va. 2010) (holding that the error in admitting hearsay evidence regarding the respondent's alleged unconvicted sexual misconduct was not harmless, given the nature and extent of the testimony "and the fact that, in rendering her opinion, [the state's expert] indicated to the jury that she assumed those allegations to be true"); *id.* ("[I]t cannot be found with assurance that the evidence concerning the details of unadjudicated allegations of sexual misconduct did not influence the jury or that it had only slight effect."). Although experts may be entitled to rely on certain types of hearsay in forming an opinion pursuant to Rule 703, SCRE,[8] the rule does not authorize the automatic admission of the hearsay itself into evidence.

We recognize that this court has previously relied on Rule 703 in affirming the circuit court's admission of hearsay testimony from a forensic psychiatrist who

---

testified that he was not offered the treatment and he would have participated had it been offered. Notably, the jury seemed unconvinced that the treatment was offered to Appellant as they submitted a question to the circuit court asking if sex offender courses were available specifically at Evans Correctional Institute, where Appellant served his sentence.

Further, the second listed factor, Appellant's need for treatment, and the fifth listed factor, grooming, are not independent of Dr. Maddox's consideration of the alleged unconvicted offenses. Dr. Maddox testified that she considered the number of accusations of unconvicted offenses to indicate the amount of treatment needed, and the information about grooming behaviors also came from victim and witness statements concerning unconvicted offenses.

[8] Rule 703 states, "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence." We express no opinion on whether Dr. Maddox was in fact entitled to rely on the challenged evidence in this case.

evaluated a respondent in an SVP action. *See In re Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 634 (Ct. App. 2010). In *Manigo*, the psychiatrist recounted to the jury that she learned from the respondent's treatment provider that the respondent did not tell the provider about his prior sex offenses. *Id.* at 105–06, 697 S.E.2d at 633. The court concluded that the admission of this testimony was not reversible because the psychiatrist testified that she relied on information she received from the treatment provider to form the basis of her opinion that the respondent was an SVP. *Id.* at 106, 697 S.E.2d at 634. The court stated that an expert "may testify as to matters of hearsay for the purpose of showing what information he or she relied on in giving an opinion of value." 389 S.C. at 106, 697 S.E.2d at 634 (citing *Hundley ex rel. Hundley v. Rite Aid of S.C., Inc.*, 339 S.C. 285, 295, 529 S.E.2d 45, 50 (Ct. App. 2000)).[9]

However, this court's more recent opinion in *Matter of Bilton* places limits on the admission of hearsay evidence through an expert in an SVP proceeding, expressing the concern that "allowing an expert to disclose hearsay to the jury has the potential to make that expert a 'conduit for hearsay.'" 432 S.C. 157, 164, 851 S.E.2d 442, 445 (Ct. App. 2020) (quoting *Floyd Y.*, 2 N.E.3d at 209). The *Bilton* court concluded that the admission of testimony from the State's expert, a forensic psychologist, allowed the expert to act as a conduit for another psychologist's scientific analysis of a test he administered to determine the respondent's sexual attractions. *Id.* at 166–67, 851 S.E.2d at 446. The court distinguished the case before it from *Manigo*: "The present case poses the different question of whether due process constrains the *extent* to which an expert may offer hearsay for the purpose of explaining the expert's opinion." *Id.* at 166 (emphasis added).

We express no opinion on the extent to which experts in other SVP cases may relay hearsay statements to the jury. We simply conclude that in the case before us, any possible probative value the challenged testimony possessed depended on the jury's acceptance of these sexual misconduct allegations as true. Therefore, their probative value was overwhelmed by the danger that the jury would base their verdict on inadmissible hearsay.[10] *See* Rule 801(c) (defining "Hearsay" as "a

---

[9] The opinion on which *Manigo* relied, *Hundley*, involved an expert's opinion as to the economic damages sustained by the plaintiffs in a personal injury case. 339 S.C. at 295, 529 S.E.2d at 51.

[10] We note that several jurisdictions have either limited or outright prohibited the admission of hearsay through an expert in SVP proceedings. *See In re Det. of Stenzel*, 827 N.W.2d 690, 710 (Iowa 2013) (holding that it was improper for an expert to testify in an SVP proceeding about the existence of a dropped criminal

statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE (prohibiting the admission of hearsay into evidence except as otherwise provided by the South Carolina Rules of Evidence or by other rules prescribed by our supreme court or by statute). In other words, presenting the jury with the graphic contents of the victim and witness statements, police charges, and incident reports unfairly prejudiced Appellant, and this unfairness substantially outweighed the probative value of the evidence. *See Huckabee*, 419 S.C. at 423, 798 S.E.2d at 589 ("When juxtaposing the prejudicial effect against the probative value, the

---

charge); *In re Interest of A.M., Jr.*, 797 N.W.2d 233, 262 (Neb. 2011) (holding that the Mental Health Board erred in allowing experts to repeat hearsay within witnesses' statements and the presentence investigation on which they relied in forming their respective opinions); *id.* at 261 (holding that before concluding that an expert's opinion based on hearsay is reliable, the Mental Health Board must find "special indicia of reliability" in those hearsay statements to satisfy due process); *State v. Kerry K.*, 67 N.Y.S.3d 227, 238 (N.Y. App. Div. 2017) ("The admissibility of hearsay evidence regarding criminal charges . . . that result in neither acquittal nor conviction 'presents a close question to be resolved by the trial court. [D]ocumentary evidence supporting the charges may "provide[ ] sufficient reliability [that] weigh in favor of admission" of the hearsay, but due process concerns remain in the absence of "conclusive" proof of guilt. Accordingly, it is incumbent upon the trial court to closely scrutinize the evidence supporting the charges and ensure that the allegations are "substantially more probative than prejudicial" before allowing the hearsay to be admitted.'" (alterations in original) (citations omitted) (quoting *Matter of State of New York v. John S.*, 991 N.Y.S.2d 532 (N.Y. 2014))); *Commonwealth v. Wynn*, 671 S.E.2d 137, 142 (Va. 2009) (holding that the circuit court properly refused to allow an expert to testify about the details of the respondent's alleged unconvicted sexual misconduct because "[e]ven though [the expert] relied on those allegations in formulating his opinions, the information came from sources unavailable for cross-examination" and "[t]he evidence clearly fell within the realm of hearsay and was, therefore, inadmissible"); *see also Walker v. Super. Ct.*, 494 P.3d 2, 22 (Cal. 2021) (holding that the admission of hearsay descriptions regarding alleged unconvicted sexually violent offenses "prejudicially affected [the respondent's] ability to challenge the basis of the state's petition [to commit the respondent as a sexually violent predator] and the sufficiency of the evidence to proceed to trial" because the evidence was inflammatory and without its admission, "the trial court would have lacked critical evidence to establish the diagnosis and reoffense elements" of its probable cause determination).

determination must be based on the entire record and will turn on the facts of each case." (quoting *Lyles*, 379 S.C. at 338, 665 S.E.2d at 206)).  Therefore, the challenged testimony should have been excluded pursuant to Rule 403.

## CONCLUSION

We reverse the circuit court's order and remand for a new trial.

**REVERSED AND REMANDED.**

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**