**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of James Gregory Younger, Appellant.

Appellate Case No. 2021-000537

---

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-243
Submitted June 1, 2024 – Filed July 3, 2024

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** James Gregory Younger appeals an order of commitment issued by the trial court after a jury found he was a sexually violent predator (SVP) under the South Carolina Sexually Violent Predator Act.[1] On appeal, Younger argues the trial court erred in allowing an expert to discuss the details of uncharged sexual offense accusations made against him because (1) the danger of unfair prejudice

---

[1] S.C. Code Ann. §§ 44-48-10 to -170 (2018 & Supp. 2023).

outweighed the testimony's probative value, and (2) the testimony violated the rules prohibiting hearsay. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in finding the probative value of the expert's testimony regarding Younger's uncharged criminal offenses was not substantially outweighed by the risk of unfair prejudice. The expert relied on Younger's previous offenses when diagnosing him and the testimony was highly probative in establishing his propensity to commit similar acts in the future. Further, the danger of unfair prejudice from the testimony did not substantially outweigh its probative value because the expert's testimony, although graphic, was relatively brief and only mentioned details that demonstrated Younger's pattern of behavior. *See State v. Huckabee*, 419 S.C. 414, 423, 798 S.E.2d 584, 589 (Ct. App. 2017) ("[This court] review[s] a trial court's decision regarding Rule 403 [of the South Carolina Rules of Evidence] pursuant to the abuse of discretion standard and [is] obligated to give great deference to the trial court's judgment."); *id.* ("A trial court's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))); Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"); *Huckabee*, 419 S.C. at 423, 798 S.E.2d at 589 ("Unfair prejudice means an undue tendency to suggest a decision on an improper basis." (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008))); *In re Care & Treatment of Ettel*, 377 S.C. 558, 563, 660 S.E.2d 285, 287 (Ct. App. 2008) (finding the danger of unfair prejudice from testimony regarding previous offenses in an SVP probable cause hearing did not substantially outweigh its probative value because the expert relied on them to determine a pattern of behavior and diagnose the individual with a mental abnormality).

2. We hold the trial court did not abuse its discretion in admitting the expert's testimony regarding Younger's uncharged criminal offenses because she relied on the information in diagnosing Younger; therefore, the testimony was admissible to explain the information on which she based her opinion. *See In re Care & Treatment of Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 633-34 (Ct. App. 2010) ("The admissibility of an expert's testimony is within the trial [court]'s sound discretion, whose decision will not be reversed absent an abuse of discretion."); *id.* at 106, 697 S.E.2d at 633 ("To constitute an abuse of discretion, the conclusions of the trial [court] must lack evidentiary support or be controlled by an error of law."). The expert testified she based her diagnosis on a pattern of behavior revealed by Younger's criminal offenses, both those resulting in convictions as well as those

that did not result in a conviction or even formal charges. *See* § 44-48-30(1) (stating a SVP is defined as a person who: "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment"); *Ettel*, 377 S.C. at 562, 660 S.E.2d at 287-88 (explaining an expert witness may consider "both convictions and offenses not resulting in convictions" when such offenses are relevant in identifying a pattern of behavior and in evaluating the person's "need for and likelihood of success in treatment as well as his ability to control his behavior in the future"); *Manigo*, 389 S.C. at 106, 697 S.E.2d at 634 ("[A]n expert witness may state an opinion based on facts not within his or her firsthand knowledge."); *id.* ("The expert may base his or her opinion on information, whether or not admissible, made available before the hearing if the information is of the type reasonably relied upon in the field to make opinions."); *id.* ("[A]n expert may testify as to matters of hearsay for the purpose of showing what information he or she relied on in giving an opinion of value.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.