**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

In the Matter of the Care and Treatment of Antonio D. Patterson, Appellant.

Appellate Case No. 2022-001219

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

Unpublished Opinion No. 2024-UP-381
Submitted October 1, 2024 – Filed November 6, 2024

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:**  Antonio D. Patterson appeals an order of commitment issued by the trial court after it found he was a sexually violent predator (SVP) under the South Carolina Sexually Violent Predator Act.[1]  On appeal, Patterson argues the trial court erred in overruling his objection to expert testimony about his expunged offenses.  We affirm pursuant to Rule 220(b), SCACR.

---

[1] S.C. Code Ann. §§ 44-48-10 to -170 (2018 & Supp. 2023).

We hold the trial court did not abuse its discretion in admitting the expert's testimony regarding Patterson's expunged offenses because the probative value of the testimony was not substantially outweighed by the risk of unfair prejudice. *See State v. Huckabee*, 419 S.C. 414, 423, 798 S.E.2d 584, 589 (Ct. App. 2017) ("[This court] review[s] a trial court's decision regarding Rule 403 [of the South Carolina Rules of Evidence] pursuant to the abuse of discretion standard and [is] obligated to give great deference to the trial court's judgment." (quoting *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014)); *id.* ("A trial court's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *Collins*, 409 S.C. at 534, 763 S.E.2d at 28)); Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). The expert relied on Patterson's unconvicted offenses when diagnosing him and her testimony was highly probative in establishing Patterson's propensity to commit similar sexual acts in the future. *See In re Care & Treatment of Ettel*, 377 S.C. 558, 563, 660 S.E.2d 285, 288 (Ct. App. 2008) (finding the danger of unfair prejudice from testimony regarding previous offenses in an SVP probable cause hearing did not substantially outweigh its probative value because the expert relied on them to determine a pattern of behavior and diagnose the individual with a mental abnormality). Here, we review the assessment of prejudice "from the posture of a bench trial as opposed to a jury trial." *See State v. Inman*, 395 S.C. 539, 565, 720 S.E.2d 31, 45 (2011) ("It is well-established that it is a near insurmountable burden for a defendant to prove prejudice in the context of a bench trial as a judge is presumed to disregard prejudicial or inadmissible evidence."). Additionally, the expert did not mention any details of the expunged crimes and only stated that the charges existed. *See Huckabee*, 419 S.C. at 423, 798 S.E.2d at 589 ("Unfair prejudice means an undue tendency to suggest a decision on an improper basis." (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008))).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.