**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Tracy Fabian, Appellant.

Appellate Case No. 2022-001302

---

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-403
Submitted November 1, 2024 – Filed November 27, 2024

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Tracy Fabian appeals an order of commitment issued by the trial court after a jury found he was a sexually violent predator (SVP) under the Sexually Violent Predator Act (SVP Act).[1] On appeal, Fabian argues the trial court erred in allowing an expert to discuss the details of criminal charges that

---

[1] *See* S.C. Code Ann. §§ 44-48-10 to -170 (2018 & Supp. 2024).

were the subject of an *Alford*[2] plea or dismissed because the testimony was unreliable hearsay and the danger of unfair prejudice outweighed its probative value pursuant to Rule 403 of the South Carolina Rules of Evidence. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the expert's testimony regarding Fabian's charges resulting in *Alford* pleas. *See In re Manigo*, 389 S.C. 96, 106, 697 S.E.2d 629, 633-34 (Ct. App. 2010) ("The admissibility of an expert's testimony is within the trial judge's sound discretion, whose decision will not be reversed absent an abuse of discretion."). First, although Fabian denied the allegations underlying his pleas and therefore contends the testimony was based on unsubstantiated hearsay, he entered an *Alford* plea, which is a constitutional admission of guilt and is treated the same as any other guilty plea for collateral purposes. *See State v. Fraley*, 437 S.C. 135, 137, 876 S.E.2d 703, 704 (Ct. App. 2022) ("While *Alford* affords defendants the right to plead guilty when they cannot or will not admit their guilt, a guilty plea entered pursuant to *Alford* carries the same effect as a 'regular' guilty plea or a guilty verdict."). Second, the probative value of the testimony was not substantially outweighed by the risk of unfair prejudice. *See* Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). The expert relied on Fabian's previous offenses when diagnosing him and her testimony was highly probative in establishing his propensity to commit similar sexual acts in the future. *See In re Ettel*, 377 S.C. 558, 563, 660 S.E.2d 285, 288 (Ct. App. 2008) (finding the danger of unfair prejudice from testimony regarding previous offenses in an SVP probable cause hearing did not substantially outweigh its probative value because the expert relied on them to determine a pattern of behavior and diagnose the individual with a mental abnormality). Accordingly, the danger of unfair prejudice from the nature of the offenses did not outweigh the probative value of the expert's testimony, which went to the central issues at trial. *See* § 44-48-30(1) (defining an SVP as a person who: "(a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.").

We hold the trial court also did not abuse its discretion in admitting the expert's testimony regarding Fabian's dismissed charge. Experts are permitted to consider both convicted and un-convicted criminal offenses when diagnosing an individual

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

with a mental abnormality for the purposes of section 44-48-30(1)(b), and here, it was necessary for the expert to discuss the offense to explain how she arrived at her opinion.  *See White v. State,* 375 S.C. 1, 8-9, 649 S.E.2d 172, 175-76 (Ct. App. 2007) (finding the legislature did not intend to limit the word "offense" to charges resulting in convictions when determining whether an offender is an SVP); *Ettel,* 377 S.C. at 562, 660 S.E.2d at 287 (explaining an expert witness may consider "both convictions and offenses not resulting in convictions as long as they are relevant to the determination of whether a person is a[n] [SVP]").

**AFFIRMED.**[3]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.